**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MADISONVILLE CONCRETE COMPANY, Respondent.**

No. 75–2463.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 17, 1977.

Decided April 7, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, Grant Morris, Woody N. Peterson, Washington, D. C., for petitioner.

Frank R. Hahn, Kahn, Dees, Donovan & Kahn, Evansville, Ind., for respondent.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This case is before the court upon the application of the National Labor Relations Board for enforcement of its bargaining order against Madisonville Concrete Company, reported at 220 N.L.R.B. 668.

We deny enforcement because of payments made by the Union to take care of a traffic ticket for a bargaining unit employee immediately before the election, on authority of *N. L. R. B. v. Savair Mfg. Co.,* 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973), and *Plastic Masters, Inc. v. N. L. R. B.,* 512 F.2d 449 (6th Cir. 1975).

An election was held on September 26, 1973, to determine whether the Company's employees desired representation by Chauffeurs, Teamsters and Helpers Local Union 215. The election was won by the Union by a vote of five to two. One ballot was challenged, but the challenge was not resolved since it was insufficient to affect the results of the election. The Company filed timely objections to the election, charging, *inter alia,* that the Union offered improper financial inducement to Douglas Phillips, a bargaining unit employee, immediately before the election. The Acting Regional Director conducted an administrative investigation and overruled the Company's objections. The Company filed exceptions with the Board, requesting a new election and a hearing on its objections and exceptions. The Board ordered a hearing before a hearing officer with respect to the inducement offered to Phillips. The hearing officer found that the action of the Union in promising to take care of a traffic ticket for Phillips immediately before the election did not "interfere with the employees' free and untrammeled choice in the election."

The Company filed exceptions to the report of the hearing officer. The Board certified the Union as the employees' exclusive bargaining representative. The Company filed a motion for reconsideration in light of *Savair,* which was rejected by the Board.

The Company refused to bargain with the Union on the ground that the certification was invalid. The Board granted the General Counsel's motion for summary judgment and issued the bargaining order for which enforcement is sought in the present proceeding.

The principal issue before this court is whether the Board properly declined to set aside the election on the basis of economic inducements by the Union to an employee immediately before the election.

The record discloses that Douglas Phillips drove to Evansville, Indiana, to attend a Union meeting on September 14, 1973, some 12 days before the election. Phillips had an accident a block away from the union hall and received a traffic ticket requiring him

to appear in court September 25, the day before the election. A Union representative took the ticket and told Phillips that it would be taken care of. The next day Phillips told the entire story of his accident to other employees, adding that the Union was taking care of the ticket. At a Union meeting on September 24, another Union representative reassured Phillips in the presence of three or four other employees that he need not appear in court and that his ticket was being taken care of. On September 25, an attorney retained by the Union appeared in court on behalf of Phillips and obtained a postponement. A month after the election Phillips entered a guilty plea, resulting in a fine of $5 and costs of $31, which were charged to the law firm's account by the City Clerk's Office and which had not been billed either to the Union or to Phillips at the time of the hearing. It is conceded that Phillips never paid any part of the fine, costs or attorneys fees.

Applying the rationale of *Savair* and *Plastic Masters,* we hold that the Board improperly overruled the Company's objection to the election and improperly certified the Union as bargaining representative.

Enforcement of the bargaining order is denied, the order certifying the Union as bargaining representative is vacated and the election is set aside. Madisonville Concrete Co. will recover its costs in the Court of Appeals from the National Labor Relations Board.